```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND


JUSTIN SEWELL                   *
                                *
                                *
v.                              *    Civil Action No. WMN-12-1667
                                *
                                *
BALTIMORE CITY POLICE           *
DEPARTMENT et al.               *
                                *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

This action arises out of a traffic stop that occurred on March 12, 2011, when three unknown officers of the Baltimore City Police Department pulled Plaintiff over because of an inoperable rear light.  Plaintiff alleges that one of the officers confronted him with a plastic bag of the type that the officer claimed was often used to conceal contraband.  The officers then ordered Plaintiff to unzip his pants and bend over so that the officers could visually inspect his anus.

Based upon these allegations, Plaintiff filed suit on March 12, 2012, in the Circuit Court for Baltimore City.  Plaintiff named the Baltimore City Police Department (BPD), the BPD Commissioner, and the three officers (John Doe 1, John Doe 2, and Jane Doe 1) as defendants.  Plaintiff states that he is bringing his Complaint under 42 U.S.C. §§ 1983 and 1985 for violations of the Fourth, Fifth and Fourteenth Amendments and

also brings claims under Maryland common law for invasion of privacy, negligent supervision, negligence, assault and battery, false imprisonment and civil conspiracy and for a violation of Article 26 of the Maryland Declaration of Rights.  As a basis of liability on the part of the BPD and the Commissioner, Plaintiff contends that they failed to properly train and supervise the individual officers and that they are vicariously liable for the tortious conduct of their employees.  Plaintiff also filed in the state court a "Motion to Find Good Cause to Waive Notice Requirement."  ECF No. 4.

After being served with the Complaint, BPD and the Commissioner removed the action to this Court and filed a motion to dismiss.  ECF No. 11.  BPD and the Commissioner also opposed the Motion to Find Good Cause.  On or about July 5, 2012, counsel who had represented Plaintiff in the state court sent the undersigned a letter stating that, while she was not a member of the federal bar, she would be applying for admission in the next seven days and would enter her appearance on behalf of Plaintiff once admitted.  ECF No. 13.  Plaintiff's counsel was admitted to the bar of this Court on July 20, 2012, but has yet to enter her appearance in this matter.  As such, Defendants' motion to dismiss is unopposed.

The Court turns first to Plaintiff's motion to waive the notice requirement of the Local Government Tort Claims Act

(LGTCA).  Under the LGTCA, an action for unliquidated damages cannot be brought against a local government or its employees unless the notice of the claim is given to the appropriate local government official within 180 days after the injury.  Md. Code Ann., Cts. & Jud. Proc. § 5-304(b)(1).  Implicit in Plaintiff's filing of a motion for waiver of this notice requirement is an acknowledgement that his state claims are subject to the LGTCA and that he failed to give proper notice within 180 days of his alleged injury.

The LGTCA provides, however, that "[n]otwithstanding the other provisions of this section, unless the defendant can affirmatively show that its defense has been prejudiced by lack of required notice, upon motion <u>and for good cause shown</u> the court may entertain the suit even though the required notice was not given."  <u>Id.</u> § 5-304(d) (emphasis added).  Plaintiff notes in his motion that he filed a complaint with the Civilian Review Board of Baltimore City on March 28, 2011, regarding the incident and was told that his complaint would be investigated by the Internal Investigation Division.  Plaintiff states that he informed the investigators that he intended to file suit against BPD if satisfactory disciplinary actions against the officers did not result from their investigation.  The gravamen of his argument for waiver is that Defendants' defense to his

claims was not prejudiced by his failure to meet the LGTCA's notice requirement.  See ECF No. 4, ¶¶ 12-13.

In opposing Plaintiff's motion, Defendants note that, while Plaintiff argues that Defendants suffered no prejudice, his motion fails to show good cause for his delay in filing notice. As the Maryland Court of Special Appeals has explained, "[i]t is only upon that showing [of good cause] and that finding by the court, which would then trigger defendant to have to then proffer or present evidence to the court in affirmative showing that they were prejudiced by the delay." Hargrove v. Mayor and City Council of Baltimore, 807 A.2d 149, 155 (Md. Ct. Spec. App. 2002); see also Wilbon v. Hunsicker, 913 A.2d 678, 684 (Md. Ct. Spec. App. 2006) ("The court first considers whether good cause exists, and only if it does so exist, should the court consider whether the defendant suffered prejudice.").  While Plaintiff was entitled to file a reply to Defendants' opposition and advance an argument for good cause, he chose not to do so.

Good cause for failing to comply with the LGTCA's notice requirement is found where there is (1) excusable neglect or mistake, (2) some serious physical or mental injury and/or location out-of-state, or (3) an inability to retain counsel in cases involving complex litigation. Heron v. Strader, 761 A.2d 56, 63-64 (Md. 2000).  Claims of excusable neglect or mistake are evaluated under a reasonable person standard, that is,

4

"whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances."  Downey v. Collins, 866 F. Supp. 887, 889-90 (D. Md. 1994).  Courts have consistently found reliance on a pending internal police investigation to be an insufficient showing of good cause.  See Wilbon v. Hunsicker, 913 A.2d 678 (Md. Ct Spec. App. 2006) (reversing trial court's finding of good cause where "[t]he only 'excusable neglect' for this inaction suggested by plaintiff is the ongoing police investigation of the alleged misconduct of the officers involved"); see also, White v. Prince George's County, 877 A.2d 1129, 1144-45 (Md. Ct. Spec. App. 2005) (affirming trial court's finding of no good cause where claimant asserted he relied on police officer's instruction to take no action while police investigation was ongoing); Bibum v. Prince George's County, 85 F. Supp. 2d 557, 565 (D. Md. 2000) (finding no good cause where claimant submitted a complaint of police brutality to the police department but did not file timely LGTCA notice to appropriate county official).

In light of these decisions and in the absence of any argument from Plaintiff regarding good cause, the Court concludes that the LGTCA's notice requirement should not be waived in this instance.  Accordingly, Plaintiff's state law

claims against all Defendants (Counts I and III through VIII) will be dismissed.

The motion to dismiss raises several additional arguments as to why the remaining § 1983 claim against BPD and the Commissioner (Count II) should also be dismissed.  Initially, it is well established that there is no respondeat superior liability under § 1983.  Monell v. Dept. of Social Servs. 436 U.S. 658, 694 (1978).  It is true that there can be municipal liability under § 1983 where "the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom,'" Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984), or resulted from inadequate police training.  City of Canton v. Harris, 489 U.S. 378, 388 (1989).  Defendants point out, however, that Plaintiff has alleged no facts in support of the existence of any policy or custom or inadequate training.  Plaintiff references a single incident of misconduct and a single incident alone establishes neither a policy and custom, City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985), nor a claim for inadequate training. Doe v. Broderick, 225 F.3d 440, 456 (4th Cir. 2000).  While Plaintiff makes conclusory statements in this regard, Compl. ¶¶ 28, 33, the Court need not accept a plaintiff's legal conclusions as true, and "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

By failing to file an opposition to Defendants' motion, Plaintiff leaves these arguments unchallenged and, therefore, the Court will grant Defendants' motion as to Count II as well.  With the dismissal of all claims against BPD and the Commissioner, the Complaint must be dismissed in its entirety as "a complaint cannot stand against only unnamed, unserved defendants."  Whitehead v. Viacom, 233 F. Supp. 2d 715, n.13 (D. Md. 2002).  A separate order will issue.

```
               _____/s/_____
               William M. Nickerson
               Senior United States District Judge
```

DATED: September 12, 2012